PEOPLE, PLAINTIFF AND APPELLEE, *v.* DE JESÚS, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in a Prosecution for Rape.

No. 1888.—Decided March 17, 1922.

RAPE—EVIDENCE—CORROBORATION.—In this case the victim testified that the defendant raped her, but there was no other evidence tending to connect the defendant with the crime; therefore, her testimony not being corroborated on this point, the most important for the defendant, although it was corroborated as to her age and defloration, a judgment of conviction can not stand, according to section 250 of the Code of Criminal Procedure as amended in 1909.

The facts are stated in the opinion.

*Mr. J. de J. Tizol* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Francisco de Jesús appealed from a judgment convicting him of having raped Carmen Escobar Flores and in his argument before this court his attorney contended that the defendant's connection with the crime had not been proved.

The evidence for the prosecution consisted of the testimony of the victim, who said that she was twelve years old; that she lived at the home of her brother, the defendant, and his wife; that while his wife was absent the defendant abused her carnally, and that one or two days thereafter she made the fact known to her sister-in-law and to Doctor Ross.

The girl's father stated that he knew nothing of the facts and merely testified to the age of his daughter. Two physicians testified to the defloration and one of them, Doctor Ross, denied that the girl told him who had raped her, although he asked her out of curiosity.

Section 250 of the Code of Criminal Procedure, as amended in 1909, provides that in prosecutions for the crimes therein mentioned, among them that of rape, the defendant can not be convicted on the testimony of the injured woman unless

her testimony is corroborated by other evidence. We have construed this statute on several occasions in the sense that it is not necessary that the woman's testimony should be corroborated in all particulars, but it is sufficient that it should be corroborated in some particular tending to connect the defendant with the crime charged. *People* v. *De Jesús,* 18 P. R. R. 575; *People* v. *Maldonado,* 17 P. R. R. 22.

In the present case the victim accuses the defendant of having raped her, but there is no other evidence tending to connect the defendant with the crime; therefore, as the testimony of the woman is not corroborated on this point, the most important for the defendant, although it was corroborated as to her age and defloration, a judgment of conviction can not be sustained.

The judgment appealed from must be

*Reversed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.